IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                          No.  3:08cv00001 JLH

FLOYD CROCKETT and spouse, if any;
PATSY J. (CROCKETT) YATES and
her spouse, if any; HARRELL G. MAYS
and JENNA MAYS, husband and wife;
and JOHN ROBERT SMOOT and
GLENDA SMOOT, husband and wife                                DEFENDANTS

## JUDGMENT

Pending before the Court is the application of the plaintiff, United States of America, for default judgment against defendant Floyd Crockett.  Mr. John Robert Smoot died January 23, 2008.  Floyd Crockett does not have a spouse.  Said defendant, after having been properly served, is in default.  As to the remaining defendants that answered, summary judgment was ordered on May 30, 2008.   It is therefore, ORDERED, DECREED AND ADJUDGED:

1.  The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.  FSA Borrowers Floyd D. Crockett and Patsy J. Crockett Yates, his former wife are in default on their obligation to plaintiff and are indebted to the United States of America, U.S. Department of Agriculture, Farm Service Agency, formerly Farmers Home Administration, in the total principal sum of $273,973.19, plus interest in the sum of $377,397.19, accrued to April 15, 2008, and thereafter at the daily rate of $50.8916 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. §1961, plus advances and recoverable charges, and any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action.   Plaintiff United States of America, U.S.

Department of Agriculture, Farm Service Agency, formerly Farmers Home Administration, is hereby awarded judgment in rem against the property described herein for the above-mentioned sums. No personal judgment having been prayed for, none is rendered.

      3. The above-described indebtedness due and owing to the plaintiff is secured by mortgages recorded as follows:

| **MORTGAGE DATE** | **RECORDATION DATE** | **BOOK AND PAGE** |
|---|---|---|
| 7-9-86 | 7-16-86 | Craighead Co. Book 312, Page 301 |
|  |  | Greene Co. Book 278, Page 340 |
| 7-16-86 | 7-16-86 | Craighead Co. Book 312, Page 307 |
|  |  | Greene Co. Book 278, Page 346 |
| 5-20-85 | 5-23-85 | Craighead Co. Book 290, Page 130 |
|  | 5-24-85 | Greene Co. Book 266, Page 817 |
| 6-4-84 | 6-6-84 | Craighead Co. Book 277, Page 460 |

Plaintiff's mortgages constitute good and valid mortgage liens, which are paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants, except Harrell G. Mays and Jenna Mays undivided one-half interest in Tract I in and to the following described property in Craighead Co. and Greene Co., Arkansas described as follows:

### Tract I

    **Craighead County, Arkansas** - a part of Wimberly's Subdivision of a part of the Northwest Quarter of the Southeast Quarter and a part of the Northeast Quarter of the Southeast Quarter of Section 8, Township 14 North, Range 4 East being more particularly described as follows: Beginning at the center of Section 8, Township 14 North, Range 4 East thence North 88° 41' East 460.4 feet to the point of beginning proper, thence South 577.5 feet; thence North 88° 41' East 206.6 feet thence South 355.2 feet; thence North 60° 54' East 65.8 feet; thence North 67° 13' East 125.9 feet; thence North 2° 52' West 920.4 feet; thence South 88° 41' West 380.3 feet to the point of beginning proper, containing 7 acres, more or less. [Floyd Crockett and Patsy J. Crockett have an undivided ½ interest in this parcel.]

**Tract II**

**Greene County, Arkansas -** The West Half of Lot 16, Block 4, McDonald's First Addition to the City of Paragould, Arkansas.

together with all improvements and appurtenances thereon.

4. Glenda Smoot has an interest in the Greene County, Arkansas property by virtue of a warranty deed dated 12/7/99 and filed 12/15/99 with Greene County in Book 289, Page 1148. Any interest held or claimed by defendant Glenda Smoot is subordinate and inferior to Plaintiff's mortgages to the extent of $128,859.36 as of June 18, 2007, with a daily accrual of $11.7413 under FSA prior mortgages.

5. If the above-described indebtedness due to the United States of America is not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the East front door of the Craighead County Courthouse, Jonesboro, AR and the North door of the Greene County Courthouse, Paragould, Arkansas. The date and time of such sale shall be fixed by the Marshal. If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option: furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment. The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal. The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property. In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale. A lien against the property shall be

retained to further secure payment of the purchase money. The property shall be sold subject to any unpaid property taxes. If either the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

6.  Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all parties in and to said property and every part thereof shall from that date be foreclosed and forever barred, except for the ½ undivided interest of Harrell G. Mays and Jenna Mays in Tract I..

7.  The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

8.  The sales proceeds, after expenses of sale shall be paid and distributed as follows: first, to the United States of America, USDA, FSA, to the extent of the indebtedness owed to it secured by its mortgages. Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court.

9.  The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 13th day of June, 2008.

_____
UNITED STATES DISTRICT JUDGE